IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CARIANN LILE, )
)
Plaintiff, )
)
v. ) No. 4:18-00228-CV-RK
)
)
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION; )
)
)
Defendant.

## ORDER AFFIRMING THE ALJ'S DECISION

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA's") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined, following a remand from the SSA Appeals Council,[1] that Plaintiff has the following severe impairments: "fibromyalgia vs rheumatoid arthritis; anxiety disorder; affective disorder; and substance abuse disorder." However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). The ALJ found that, despite Plaintiff's limitations, she retained the residual functional capacity ("RFC") to perform a range of light work[2] with certain limitations, such as performing only simple, repetitive, and routine job duties, with no interaction with the public and only occasional interaction with co-workers and supervisors. The ALJ found that Plaintiff was unable to perform any of her past relevant work but that she could perform work that exists in significant numbers in the national economy, including the jobs of office helper, mail clerk, and photocopy machine operator. Consequently, the ALJ found that Plaintiff was not disabled.

On appeal, Plaintiff makes one argument: that the ALJ committed an error of law by failing to analyze Plaintiff's drug and alcohol use under the procedures outlined in *Brueggemann v. Barnhart*, 348 F.3d 689 (8th Cir. 2003), *Kluesner v. Astrue*, 607 F.3d 533 (8th Cir. 2010), and 20 C.F.R. §§ 404.1535(b), 416.935(b). The Court agrees but concludes the error is harmless.

Under a 1996 amendment to the Social Security Act, "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination

---

[1] Prior to final decision in this case, the SSA Appeals Council remanded an initial denial of benefits with instructions to the ALJ to address issues not pertinent here. (Tr. 110-13.) The present appeal is from the ALJ's second decision and follows a denial of review by the SSA Appeals Council. (*Id.* at 1-3.)

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). The implementing regulations provide as follows:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> > (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> >
> > (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
> >
> > > (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
> > >
> > > (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535(b), 416.935(b).

In *Brueggemann*, the ALJ disregarded the opinion of a treating physician in calculating the plaintiff's RFC because his symptoms resulted from alcoholism. 348 F.3d at 693. The Eighth Circuit reversed and remanded because the ALJ failed to follow the procedure set out in the regulations. *Id.* at 693-96. Specifically, the ALJ failed to conduct the two-step process of (1) conducting a preliminary disability determination after considering all symptoms, including the ones that resulted from alcoholism, and then (2) determining whether alcoholism was a contributing factor material to that determination. *Id.* at 694. *Kluesner* stands for the same rule. 607 F.3d at 538. In *Brueggemann*, the Eighth Circuit then went on to hold that the error was prejudicial because "[t]he nature of the ALJ's abbreviated decision-making on the alcoholism issue deprive[d] [the Eighth Circuit] (and the Commissioner) of a solid record on this point." 348 F.3d at 695. Because of this, and because there was evidence in the record that suggested the plaintiff

3

suffered from impairments independent of alcohol abuse, the Eighth Circuit could not determine without remanding the case whether the ALJ would have reached the same result after following the proper procedure. *Id.* at 695–96.

The ALJ in this case also did not follow this procedure. It seems she was not aware of the pertinent regulations because she did not cite them in her decision, and she did not conduct the two-step process of (1) assessing all symptoms in a preliminary disability determination, including those attributable to alcohol and drug abuse, and then (2) deciding whether the alcohol and drug abuse was a contributing factor material to the disability. Instead, she simply discounted the symptoms she believed resulted from alcohol and drug abuse and then found no disability. This is inconsistent with *Brueggemann* and "reflects legal error." *Id.* at 695.

The error was harmless, however, because the Court is confident the ALJ would have reached the same result even if she had followed the proper procedure. Assuming the ALJ had considered all symptoms without discounting those attributable to alcohol and drug abuse—and assuming this would have led her to find disability as an initial matter—the fact that she ultimately found no disability after repeatedly emphasizing the alcohol and drug abuse in her decision demonstrates that she would have found Plaintiff's alcohol and drug abuse to be a material contributing factor. Unlike in *Brueggemann*, the ALJ in this case did not wholly disregard a treating physician's opinion based on an erroneous belief that the law prohibited considering symptoms that stem from alcohol and drug abuse.[3] Rather, the ALJ considered all symptoms and their severity, discounted the evidence that was either inconsistent with the medical records or attributable to alcohol and drug abuse, and found no disability. (Tr. at 20-24.) Remanding this case to the ALJ so she can break the drug-and-alcohol analysis into a separate step would achieve the same result. *See Watkins v. Astrue*, No. CIV. 09-5064-RHB, 2010 WL 3360428, at *4 (D.S.D. Aug. 23, 2010) (affirming despite harmless error in failing to comply with *Brueggemann* because there was "no evidence in the record that would indicate that [the plaintiff] suffer[ed] from any impairment or combination of impairments that, independent of his alcoholism, render[ed] him disabled."). Therefore, the ALJ's failure to comply with *Brueggemann*, *Kluesner*, and the pertinent regulations was harmless.

---

[3] Here, the ALJ gave no weight to the opinion of a treating physician not because it was based on drug and alcohol abuse, but because she found it to be inconsistent with the objective evidence. (Tr. at 22.)

4

## Conclusion

After careful review of the record before the Court and the parties' submissions on appeal, the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED.**

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
DATED:  April 30, 2019                  UNITED STATES DISTRICT COURT